UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DEMETRIUS NEWELL,                    )
                                     )
                    Petitioner,      )
                                     )
         v.                          )        No. 2:17-cv-00544-WTL-DLP
                                     )
DICK BROWN,                          )
                                     )
                    Respondent.      )

**Entry Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

The petition of Demetrius Newell for a writ of habeas corpus challenges a prison

disciplinary proceeding identified as No. WVD 17-09-0109. For the reasons explained in this

Entry, Mr. Newell's habeas petition must be **denied**.

**A.      Overview**

Prisoners in Indiana custody may not be deprived of credit time without due process.

*Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004). The due process requirement is satisfied with

the issuance of advance written notice of the charges, a limited opportunity to present evidence to

an impartial decision maker, a written statement articulating the reasons for the disciplinary action

and the evidence justifying it, and "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S.

539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224

F.3d 649, 652 (7th Cir. 2000). A violation of state law will not support the issuance of a writ of

habeas corpus. *Holman v. Gilmore*, 126 F.3d 876, 884 (7th Cir. 1997).

**B.     The Disciplinary Proceeding**

On September 25, 2017, Correctional Officer E. Angeles wrote a Conduct Report charging

Mr. Newell with possession of a controlled substance. The Conduct Report states:

> On 9-25-17 at approx. 12:20 p.m. I. C/O Angeles during a random cell search in
> 0509, did find an open tea bag that contain[ed] a green leafy substances, consistent
> with K2. Offender Newell, Demetrius #139043 currently resides in cell 0509.

Dkt. No. 9-1.

On September 27, 2017, the confiscated substance field tested positive for synthetic

marijuana (K2). Dkt. No. 9-1, p. 5. Mr. Newell was notified of the charge on October 3, 2017,

when he received the Screening Report. He pleaded not guilty to the charge, requested a lay

advocate, but did not request any witnesses. Offender Joshua Hahn agreed to be Mr. Newell's lay

advocate. Dkt. No. 9-4.

Mr. Newell also did not request any physical evidence but did request that he be drug tested

and that the leafy green substance be sent for outside testing. Dkt. No. 9-2. Mr. Newell's request

for outside testing was denied because no criminal charges were filed. Dkt. No. 9-3. Mr. Newell's

request to be drug tested was denied because he was charged with possession and not use of a

controlled substance. *Id*.

The disciplinary hearing was held on October 6, 2017. Mr. Newell provided the following

statement: "I know this is tea – cause I had tea. This is green tea brought off of Plus program sales.

I don't see the tea bag – it isn't in the picture. I have never had anything to do with drugs." Dkt.

No. 9-6.

Based on the staff reports, the witness statements, pictures, field test, and confiscation

form, the hearing officer found Mr. Newell guilty of possession of a controlled substance. Dkt.

No. 9-1, pp. 2-5; Dkt. No. 9-6. The grievous sanctions imposed included 60 days of earned credit-

time deprivation and a suspended demotion in credit class from 1 to 2. Dkt. No. 9-6. The non-grievous sanctions included disciplinary restrictive housing, a written reprimand, and loss of telephone privileges. *Id*.

Mr. Newell appealed to the Facility Head and his appeal was denied. Dkt. No. 9-7. He appealed to the Indiana Department of Correction (IDOC) Final Reviewing Authority and his appeal was denied. Dkt. No. 9-8. Mr. Newell then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

C. **Analysis**

In his petition, Mr. Newell raises three grounds for relief: 1) his due process rights were violated because staff at Wabash Valley Correctional Facility (Wabash Valley) refused to send the green leafy substance to an outside lab for testing which the Court interprets as an argument that Mr. Newell was improperly denied evidence; 2) a violation of the chain of custody; and 3) the field test of the leafy green substance rendered a false positive result which the Court interprets as a challenge to the sufficiency of the evidence.

**Ground 1 - Denial of Evidence**:

First, Mr. Newell alleges his due process rights were violated because he was denied evidence. More specifically, he states he requested that the leafy green substance found in his cell be sent to an outside lab for testing. Dkt. No. 1. This request was denied by IDOC staff at Wabash Valley because he was not charged with a crime. Dkt. No. 9-3.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the rule is to insure that the disciplinary board considers all of the evidence relevant to

guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). When prison administrators believe a valid justification exists to withhold evidence, "'due process requires that the district court conduct an *in camera* review' to assess whether the undisclosed [evidence] is exculpatory." *Johnson v. Brown*, 381 Fed. Appx. 494, 497 (7th Cir. 2017) (quoting *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003)). However, petitioners have no right to laboratory testing. *See Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017) ("Manley was not entitled to demand laboratory testing and publications about the reliability of the particular field test…Prison administrators are not obligated to create favorable evidence or produce evidence they do not have. Without a specific reason to doubt the field test—and no reason was suggested by Manley—the hearing officer could rely on the results of the field test.").

Mr. Newell was not entitled to lab testing of the substance. Nor was the prison obligated to create or produce evidence it did not have. Based on the totality of the evidence, it was reasonable for the hearing officer to rely on the Conduct Report prepared by Correctional Officer Angeles, the photograph of the confiscated substances, the field testing, and confiscation form.

Mr. Newell also alleges that he was denied the field test policy to fight the charge. While Mr. Newell never requested such evidence, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones*, 637 F.3d at 847; *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Mr. Newell has failed to show how access to the field test policy would

be exculpatory or how it would have aided his defense. As such, any denial of this evidence was not a due process violation.

Accordingly, Mr. Newell is not entitled to relief on his denial of evidence claims.

## Ground 2 – Chain of Custody:

Second, Mr. Newell alleges a violation of his rights because the chain of custody on the evidence was not properly preserved. Specifically, he argues that the photographic evidence only shows the leafy green substance and not the tea bag it which it was found. Dkt. No. 1. When a due process error occurs in a disciplinary proceeding, the burden is on the offender to show that the error had a substantial and injurious effect on the outcome of the proceeding. *O'Neal v. McAninch*, 513 U.S. 432 (1995). Mr. Newell has not explained how the removal of the leafy green substance from the tea bag had any impact on the outcome of the proceeding. Given the evidence in this action, Mr. Newell cannot show that the outcome of the proceeding would have changed if the tea bag was also shown in the photograph. Mr. Newell is not entitled to relief based on this claim of error.

## Ground 3 - Sufficiency of the Evidence:

Finally, Mr. Newell argues the evidence was insufficient to support a guilty finding because prior field testing of items in the commissary have produced false positive results. Dkt. No. 1.

In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks*, 81 F.3d at 720 ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial

that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion") (quoting *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson*, 188 F.3d at 786.

Here, the evidence relied on by the hearing officer was staff reports, the witness statement, pictures, the positive field test for K2 (synthetic marijuana), and confiscation form. Dkt. No. 9-1, pp. 2-5; Dkt. No. 9-6. Correctional Officer Angeles found a leafy green substance in Mr. Newell's cell that tested positive for K2. This evidence is sufficient to support a finding that Mr. Newell was in possession of a controlled substance.

To the extent that Mr. Newell claims the field test used by the facility was improper, Investigator Davis submitted an affidavit that confirms the correct test was used and it is the only test used to test for suspected synthetic drugs. Dkt. No. 9-9. Investigator Davis also confirmed that tea bags sold in the commissary did not show a positive reading when tested. As such, Mr. Newell's claim is without merit.

The evidence here was constitutionally sufficient. *See Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented"). Mr. Newell is not entitled to relief on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Newell to the relief he seeks.

Accordingly, Mr. Newell's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED**.

Date: 7/26/18

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DEMETRIUS NEWELL
139043
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov